**Darren JOHNSON, Appellant**

**v.**

**David DIGUGLIELMO.***

***(Pursuant to Rule 43(c), F.R.A.P.)**

**No. 05–2179.**

United States Court of Appeals, Third Circuit.

Argued March 11, 2008.

Opinion Filed: Sept. 1, 2009.

Elayne C. Bryn, Esq. [Argued], Philadelphia, PA, for Appellant.

Robert M. Falin, Esq., Office of District Attorney, Norristown, PA, for Appellee.

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges.

FUENTES, Circuit Judge.

On April 4, 2005, the District Court declined to review Darren Johnson's habeas petition on the grounds that he had defaulted his claims in state court pursuant to an independent and adequate state procedural rule. The basis for this alleged default is petitioner's violation of Pennsylvania's "previously litigated" rule, which bars a petitioner from seeking review under Pennsylvania's Post–Conviction Relief Act ("PCRA") unless he/she can show that the allegation of error "has not been previously litigated or waived." 42 Pa. Cons. Stat. Ann. § 9544(a). For the reasons laid out in our en banc decision in *Boyd v. Warden,* the 'previously litigated' rule insulates state courts from duplicative efforts, but does not preclude federal habeas review. *Boyd v. Warden,* 579 F.3d 330, 370–71 (3d Cir.2009) (Hardiman, J., dissenting) (en banc).[1] Accordingly, we re-

---

1. Although Judge Hardiman dissented in *Boyd,* the portion of his dissent discussing the previously litigated rule was joined by a majority of the court.

verse and remand for further consideration.

